**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-02812 |
| HOWARD H. HARRIS ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Judge Deborah L. Thorne |
| ) | |
| METROPOLITAN CAPITAL BANK AND ) | |
| TRUST ) | |
| ) | |
| Plaintiff, ) | Adv. No. _____ |
| ) | |
| v. ) | |
| ) | |
| HOWARD H. HARRIS ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. §523(A)(2)**

Metropolitan Capital Bank & Trust, ("MetCap" or "Plaintiff"), pursuant to 11 U.S.C. §523(a)(2) brings this adversary proceeding for a determination by this Court that the debt owed to MetCap by Howard H. Harris ("Harris" or the "Debtor") is nondischargeable, and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1.      On February 1, 2019, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois.

2.      This complaint commences an adversary proceeding through which MetCap, a creditor of the Debtor, seeks a determination that the debt owed by the Debtor to MetCap is nondischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and Bankruptcy Code Section 523.

4. This case is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and venue is proper in the Northern District of Illinois under 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5. MetCap is a state bank chartered under the State of Illinois. As more fully described below, MetCap is a creditor of the Debtor.

6. Defendant Howard H. Harris is the Debtor in the above-captioned case and at all relevant times resided at 734 Brookvale Terrace, Glencoe, IL 60022.

## GENERAL ALLEGATIONS

7. MetCap made a loan in the principal amount of $500,000.00 (the "Corporate Loan") to Form + Function, LLC; Glass Artistry, LLC; Rareform Design Group, LLC; Rareform Architectural Products, LLC; and H3 Resource, LLC (collectively, the "Corporate Borrowers"). In connection with the Corporate Loan, the Corporate Borrowers executed and delivered to MetCap certain loan documents, including but not limited to the following: (i) a Promissory Note, dated January 30, 2017 in the principal amount of $500,000.00 (the "Note," a true and correct copy of which is attached hereto as Exhibit A); and (ii) a Business Loan Agreement, dated January 30, 2017 (the "Business Loan Agreement," a true and correct copy of which is attached hereto as Exhibit B). Harris owned and managed each of the Corporate Borrowers

8. Harris personally guaranteed the debt obligations of the Corporate Borrowers under the Corporate Loan to MetCap by executing and delivering to MetCap a Commercial Guaranty, dated January 30, 2017 (the "Commercial Guaranty," a true and correct copy of which is attached hereto as Exhibit C).

9. According to the terms of the Business Loan Agreement, the Corporate Borrowers agreed to provide monthly Borrowing Base Certificates that detailed, among other things, an accurate accounting of "eligible" accounts receivable. MetCap would then rely upon the Borrowing Base Certificates and the underlying financial information, including the Debtor's reporting of such accounts receivable, to determine the availability of, and subsequent make, advances under the revolving line of credit provided by the Business Loan Agreement.

10. In 2017, the Debtor provided written and signed Borrowing Base Certificates (the "2017 BBCs") to MetCap in connection with the Corporate Loan.

11. In the 2017 BBCs, the Debtor repeatedly made representations (the "BBC Representations") regarding the Corporate Borrowers' clients and accounts receivables, including aging and eligibility. Many of the BBC Representations, however, were false, indeed, materially so. At all times that he submitted the 2017 BBCs, the Debtor knew that the BBC Representations included as "eligible" accounts receivable: (i) amounts that were not accounts receivable at all, but were, in fact, client deposits; and (ii) accounts receivable that were actually ineligible for one or more reasons (e.g., the invoices were for projects that were so over-budget and beyond deadline that they were highly likely never to be collected, the invoices were not for work actually performed in the period indicated). The Debtor knew that such purported eligible accounts receivable were falsely reported.

12. MetCap reasonably relied on the BBC Representations and continued to extend credit to the Debtor's companies, the Corporate Borrowers, based upon those representations.

13. By the fall of 2017, the Corporate Borrowers were in default under the Business Loan Agreement. Harris then breached the terms of the Commercial Guaranty by failing to make payment in full to MetCap of sums due under the Note by January 30, 2018. As a result of

Defendant's breach of the Commercial Guaranty, MetCap has been damaged in an amount no less than the principal amount of $500,000 as of January 30, 2018, plus principal, accrued interest (at a daily rate of $173.61), attorneys' fees, and late fees due under the Commercial Guaranty (and the Note, Business Loan Agreement, and related documents).

## **COUNT I**

14. MetCap incorporates paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Pursuant to Section 523(a)(2)(B) of the Bankruptcy Code, a debt is not dischargeable where that debt was obtained by a materially false written statement by the debtor respecting the debtor's (or an insider's) financial condition on which the creditor reasonably relied and which statement was made by the debtor with the intent to deceive.

16. The debt that the Debtor owes to MetCap under the Commercial Guaranty was obtained and extended by materially false written statements by the Debtor concerning the Corporate Borrowers' financial condition: the BBC Representations.

17. MetCap reasonably relied on the BBC Representations in providing and/or further extending the Corporate Loan which resulted in the debt which the Debtor owes to MetCap.

18. The Debtor made the representations in the BBC Representations with the intent to deceive MetCap.

19. All or part of the debt owed by the Debtor to MetCap under the Loan Agreements is nondischargeable under Section 523(a)(2)(B) of the Bankruptcy Code as it was obtained and/or extended by one or more materially false written statements by the Debtor respecting the Corporate Borrowers' (insiders of the Debtor) financial condition on which MetCap reasonably relied and which statements were made by the Debtor with the intent to deceive MetCap.

WHEREFORE, Metropolitan Capital Bank & Trust respectfully requests that this Court enter judgment determining that the debt owed to it by Howard H. Harris is nondischargeable under Bankruptcy Code Section 523(a)(2)(B) and granting Metropolitan Capital Bank & Trust such other and further relief as this Court may deem just and proper.

DATED: May 3, 2019                    By:  /s/ James E. Morgan
                                                       James E. Morgan (Fed. I.D. No. 90785074)

                                                       HOWARD & HOWARD ATTORNEYS
                                                       200 S. Michigan Avenue, Suite 1100
                                                       Chicago, IL 60604
                                                       Tel: (312) 372-4000
                                                       Fax: (312) 939-5617
                                                       E-mail: jem@h2law.com

                                                       Counsel for Metropolitan Capital Bank & Trust