# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br><br>Howard H. Harris<br><br>Debtor(s). | Chapter 7<br><br>Case No. 19-02812<br><br>Hearing on 05/21/19 at 9:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 21, 2019 at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Deborah L. Thorne or any judge sitting in her stead, in the courtroom usually occupied by her at 219 South Dearborn Street, Room 613, Chicago, IL 60604 and moved to present the attached motion.

/s/ Diana Carpintero

## CERTIFICATE OF SERVICE

I hereby certify that on 05/08/2019 a copy of the foregoing Motion and accompanying Notice of Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

E. Philip Groben
o.b.o. Debtor
pgroben@gcklegal.com

Karen R Goodman, Esq
Trustee
kgoodman@taftlaw.com

Patrick S Layng
U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

I further certify that on 05/08/2019, a copy of the foregoing Motion and accompanying Notice of Motion was mailed by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Howard H. Harris
2004 Valley Lo Lane
Glenview, IL 60025

/s/ Vanessa Socarras

Marinosci Law Group
134 N LaSalle, Suite 1900
Chicago, IL 60602
312-940-8580; Fax: 401-234-5130
ILWIBK@mlg-defaultlaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re:<br><br>Howard H. Harris<br><br>Debtor(s). | Chapter 7<br><br>Case No. 19-02812<br><br>Hearing on 05/21/19 at 9:30 a.m. |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (COLLATERAL)**

U.S. Bank National Association ("Creditor") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain collateral of the Debtor(s) more particularly described as 2016 GMC Yukon XL VIN # 1GKS2HKJXGR351368 (the "Collateral"). The Required Statement is attached hereto as "Exhibit 1", in accordance with Local Rule 4001-1. In further support of this Motion, Creditor respectfully states:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on February 01, 2019.

2. As of the Petition Date, the Creditor was the holder of a claim secured by 2016 GMC Yukon XL, more particularly described in that certain Retail Installment Sale Contract – Simple Finance Charge as VIN# 1GKS2HKJXGR351368, copy of which is attached hereto as "Exhibit 2."

3. The Debtor(s) has/have executed and delivered or is/are otherwise obligated with respect to that certain Retail Installment Sale Contract – Simple Finance Charge in the amount of $60,271.55. Creditor is an entity entitled to enforce the Retail Installment Sale Contract – Simple Finance Charge.

4. Pursuant to that certain Retail Installment Sale Contract – Simple Finance Charge, Creditor is the holder of a security interest in the Collateral. Creditor perfected its security interest in the Collateral by placing its lien on the Certificate of Title of a Vehicle ("Title") relating thereto. A copy of the Title is attached hereto as "Exhibit 3."

5. Pursuant to the Retail Installment Sale Contract – Simple Finance Charge, all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Retail Installment Sale Contract – Simple Finance Charge are secured by the Collateral.

6. As of April 17, 2019, the outstanding amount of the Obligations is: $30,750.63.

7. The following chart sets forth the number and amount of payments due pursuant to the terms of the Retail Installment Sale Contract – Simple Finance Charge that have been missed by the Debtor(s) as of April 17, 2019.

| Number of Missed/Delinquent Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| *3* | *02/04/2019* | *04/04/2019* | *$1,092.13* | *$3,276.39* |
| Late Fees: | | | | $51.88 |

Total: ***$3,328.27***

8. The clean retail value of the Collateral is $48,350.00. The basis for such valuation is the NADAguides Price Report attached hereto as "Exhibit 4."

9. Upon information and belief, the aggregate amount of encumbrances on the Collateral listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Creditor, is $30,750.63.

10. Cause exists for relief from the automatic stay for the following reasons:

    (a) Creditor's interest in the Collateral is not adequately protected.

    (b) Creditor's interest in the Collateral is not protected by an adequate equity cushion.

WHEREFORE, Creditor prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Creditor (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to take upon and obtain possession of the Collateral.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

4. For such other relief as the Court deems proper.

                                                  Respectfully submitted,

                                                  /s/ Diana Carpintero
                                                  Attorney for Creditor

Marinosci Law Group, P.C.
134 N. LaSalle St., Suite 1900
Chicago, IL 60602
312-940-8580; Fax: 401-234-5130
ILWIBK@mlg-defaultlaw.com